IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



PRIEST MOMOLU V.S. SIRLEAF, JR.,

    Plaintiff,

v.                         Civil Action No.  3:18CV562

BARBARA MICKELJOHN, et al.,

    Defendants.

**MEMORANDUM OPINION**

Priest Momolu V.S. Sirleaf, Jr., a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action.[1] The action proceeds on the PARTICULARIZED COMPLAINT. (ECF No. 23.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. As discussed below, the action will be dismissed as frivolous, malicious, and for failure to state a claim upon which relief may be granted.

---

[1] The statute provides, in pertinent part:

      Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

## I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A.  The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless."  Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).    The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.  This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because

2

they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289

3

F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.  PROCEDURAL HISTORY

### A.  Preliminary Orders

From the outset of this action, Sirleaf has obstinately refused to follow the directives of the Court.[2]  The initial Complaint filed by Sirleaf was forty-six rambling pages, purportedly brought on behalf of himself, his son, and his wife, stemming from his son's conviction and incarceration in the State of Maryland.  In the October 24, 2018 Memorandum Order filing the action for screening, the Court explained the following to Sirleaf:

> 1.  As a preliminary matter, the action proceeds with Plaintiff as the sole Plaintiff in this action.  He may not bring an action as a "next friend" for his common law wife or son.  "[A] next friend does not himself become a party to the [civil] action in which he participates, but simply pursues the cause on behalf of

---

[2] Sirleaf has a history of filing vexatious litigation in this Court and has filed numerous mandamus actions against judges of this Court in the United States Court of Appeals for the Fourth Circuit when he has not been permitted to litigate according to his own whims.

4

the detained person, who remains the real party in interest." Hamdi v. Rumsfeld, 294 F.3d 598, 603 (4th Cir. 2002) (some internal quotation marks omitted) (quoting Whitmore v. Arkansas, 495 U.S. 149, 163 (1990)).

To establish "next friend" standing, (1) the "next friend must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action," and (2) the "next friend" must also establish that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and has "a significant relationship with the real party in interest." Id. at 603 (some internal quotation marks omitted) (quoting Whitmore, 495 U.S. at 163-64). "The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." Id. at 603 (some internal quotation marks omitted) (quoting Whitmore, 495 U.S. at 163-64).

Plaintiff's current submission fails to demonstrate that he qualifies as a "next friend" for his son or wife. Plaintiff fails to explain why his wife or son could not bring an action on their own behalf. See Aguilar v. Bragg, 463 F. App'x 333, 334 (5th Cir. 2012); Francis v. Warden, FCC Coleman-USP, 246 F. App'x 621, 623 (11th Cir. 2007); Tate v. United States, 72 F. App'x 265, 267 (6th Cir. 2003). Parties may plead and conduct their own cases personally or by counsel in all courts of the United States. See 28 U.S.C. § 1654. Moreover, to the extent Plaintiff believes he can represent his wife or son in this action, individuals who are not licensed attorneys may not represent third parties because such representation constitutes the unauthorized practice of law. Rules of Supreme Court of Virginia, Pt. 6, § I; see DePonceau v. Pataki, 315 F. Supp. 2d 338, 341-42 (W.D.N.Y. 2004); Kone v. Wilson, 630 S.E.2d 744, 745-46 (Va. 2006). Accordingly, Plaintiff is reminded that he is the sole Plaintiff in this action and any claim that Plaintiff purportedly brings on behalf of his wife or son will not be considered.

(ECF No. 10, at 1-2 (alterations in original).) Subsequently,

Sirleaf filed several documents entitled, "§ Allegation --- Claim

Arising under treaty [28 USCA 1331; Fed R Civ P 8(a)(1)]" that the

Court took no action on.  (ECF No. 11, 12.)  After review of the
initial Complaint, by Memorandum Order entered on March 4, 2019,
the Court directed Sirleaf to file a particularized complaint
within fourteen days of the date of entry thereof.  The Court
explained the following to Sirleaf:

> Upon the Court's initial review of the Complaint,
> it appears that Plaintiff does not explain how the
> various defendants have personally been involved in the
> deprivation of his rights.  Rather, the majority of the
> claims allege violations of his son's rights or simply
> state that "plaintiffs'" rights were violated.  As the
> Court already explained, any claim brought on behalf of
> his wife or son will not be considered.
> The Complaint in this action also fails to comply
> with Federal Rule of Civil Procedure 8(a).  That rule
> provides:
>> **(a) Claim for Relief**.  A pleading that states
>> a claim for relief must contain:
>> **(1)** a short and plain statement of the grounds
>> for the court's jurisdiction, unless the court
>> already has jurisdiction and the claim needs
>> no new jurisdictional support;
>> **(2)** a short and plain statement of the claim
>> showing that the pleader is entitled to
>> relief; and
>> **(3)** a demand for the relief sought, which may
>> include relief in the alternative or different
>> types of relief.
> Fed. R. Civ. P. 8(a).  Plaintiff's rambling submission
> is neither short nor plain.  Rather, it is comprised of
> a variety of separate documents with rambling
> allegations that do not appear to provide the basis for
> the Court's jurisdiction or succinctly present his
> claims.
> Moreover, in order to state a viable claim under 42
> U.S.C. § 1983,[1] a plaintiff must allege that a person
> acting under color of state law deprived him of a
> constitutional right or of a right conferred by a law of
> the United States.  See Dowe v. Total Action Against
> Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir.
> 1998) (citing 42 U.S.C. § 1983).  Courts must liberally
> construe pro se civil rights complaints in order to

address constitutional deprivations. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff's current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Moreover, Plaintiff is placed on notice that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck v. Humphrey, 512 U.S. 477, 486 (1994). Accordingly, Plaintiff is DIRECTED, within fourteen (14) days of the date of entry hereof, to particularize his Complaint in conformance with the following directions and in the order set forth below:

    a. At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:18CV562."

    b. The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

    c. The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.

**FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.** See Fed. R. Civ. P. 41(b). Moreover, if Plaintiff files a particularized complaint that alleges that "plaintiffs'" rights were violated, or if he again attempts to bring the action on behalf of his son or his common law wife, the Court will dismiss the entire action for noncompliance with the Court's directives.

(ECF No. 13, at 2-4 (internal footnote omitted) (omissions in original).)

Sirleaf's particularized complaint was due by March 18, 2019. Instead of timely filing a particularized complaint, Sirleaf then filed a series of motions insisting that he intended to designate someone Power of Attorney or "Attorney-In-Fact" and "Guardian ad litem" and that individual would file his particularized complaint. (ECF No. 14, 17, 20.) Sirleaf also asked for several sixty-day extensions of time. (See id.) In granting his first request for an extension, by Memorandum Order entered on March 22, 2019, the Court warned Sirleaf as follows:

Plaintiff also indicates that he plans to designate someone Power of Attorney or an "Attorney-In-Fact" and "Guardian ad litem," and that individual will file his particularized complaint. (Id. at 1-3.) **As a preliminary matter, Plaintiff may not designate a Power of Attorney and any particularized complaint that is not drafted and signed under penalty of perjury by Plaintiff himself will not be considered.** As the Court has twice explained to Plaintiff, individuals who are not licensed attorneys may not represent third parties because such representation constitutes the unauthorized practice of law. Rules of Supreme Court of Virginia, Pt. 6, § I; see DePonceau v. Pataki, 315 F. Supp. 2d 338, 341-42 (W.D.N.Y. 2004); Kone v. Wilson, 630 S.E.2d 744, 745-46 (Va. 2006). Accordingly, Plaintiff's attempt to update his address to the address of his "Attorney-In-Fact"

8

> will also not be permitted. The Clerk is DIRECTED to
> disregard this notice.
>     Nevertheless, the Motion for Extension (ECF No. 14)
> will be GRANTED to the extent that Plaintiff has thirty
> (30) days to submit a particularized complaint that
> complies with the directives of the March 4, 2019
> Memorandum Order.

(ECF No. 16, at 1-2 (emphasis in original).) Again, rather than

file a particularized complaint, on April 4, 2019, the received

from Sirleaf an "OMNIBUS MOTION FOR RECONSIDERATION TO CORRECT

CLEAR ERROR OF LAW." (ECF No. 17.) Sirleaf sought reconsideration

of the Court's directive that Sirleaf may not appoint an "attorney-

in-fact" or a "guardian ad litem" to represent him in the current

action. By Memorandum Order entered on April 17, 2019, the Court

denied the portion of the motion requesting reconsider because

Sirleaf failed to identify any persuasive reason why the Court

should reconsider its statement of the law in the March 22, 2019

Memorandum Order. (ECF No. 18, at 2.) The Court then directed

Sirleaf to file a Particularized Complaint that comported with the

directives of the March 4, 2019 Memorandum Order within eleven

(11) days of the date of entry thereof.

The same day as the April 17, 2019 Memorandum Order was

entered, the Court received yet another "MOTION FOR 60 DAY

ABEYANCE" (ECF No. 20) in which to file his particularized

complaint. By Memorandum Order entered on April 18, 2019, the

Court explained:

Attached to the motion are other various filings that demonstrate that Plaintiff has ignored the Court's instructions that he may not proceed by what he calls an Attorney-in-Fact. (ECF No. 20.) As the Court has repeatedly told Plaintiff, he is proceeding pro se and is not currently represented by an attorney. Despite Plaintiff's belief to the contrary, his submissions do not reflect that he is represented by a licensed attorney, and no licensed attorney has properly entered an appearance on behalf of Plaintiff.

    If Plaintiff wishes to proceed with this pro se action, he must file a Particularized Complaint within the eleven (11) days from the entry of the April 17, 2019 Memorandum Order. No further extensions will be granted. The "MOTION FOR 60 DAY ABEYANCE" (ECF No. 20) is DENIED.

(ECF No. 21, at 2.)

## B.    The Particularized Complaint

On May 3, 2019, the Court received Sirleaf's Particularized Complaint. (ECF No. 23.)[3]  The Particularized Complaint is seventy-five pages of rambling allegations and is comprised of what appears to be sections of old civil rights complaints or motions attached together piecemeal in no comprehensible order. The Particularized Complaint appears to contain the same claims as the initial Complaint with pages inserted that add claims against new federal defendants. Perhaps telling, the Particularized Complaint contains a signature indicating that Sirleaf signed a large portion of it on March 1, 2019, well before he was directed to file a Particularized Complaint. (Part. Compl. 59.) Sirleaf

---

[3] The Court employs the pagination assigned to the Particularized Complaint by the CM/ECF docketing system.

10

names as Defendants the United States, the State of Maryland, and what appears to be every jurist or clerk, both in state and federal court, that Sirleaf has interacted with during his litigious history and has rendered a decision he perceives as unfavorable or who were involved in the conviction or incarceration of his son in the Circuit Court of Montgomery County, Maryland.[4]  (See id. at 23-24.)  Sirleaf's allegations range from inter alia, violations of various treaties and conventions with other countries, the First Amendment, the Americans with Disabilities Act, the Federal Magistrates Act, allegations of various conspiracies under 42 U.S.C. § 1985, and for kidnapping and falsely imprisoning his son. Sirleaf's requested relief is equally as expansive and includes demanding a jury trial, declaratory relief about his rights with respect to certain treaties, that the Liberian Consul be notified of his need for legal counsel, an injunction against the state

---

[4] Sirleaf was instructed that he must list all Defendants at the top of his Particularized Complaint.  Sirleaf names the following as Defendants: the United States; the State of Maryland; an Unknown Judge of the Circuit Court of Montgomery County; Barbara Mikeljohn, the Clerk of the Circuit Court of Montgomery County; an Unknown Clerk of the Circuit Court of Montgomery County; an Unknown Clerk of the Maryland Court of Appeals; an Unknown Clerk of the United States District Court for the District of Maryland, Greenbelt Division; Magistrate Judge Roderick C. Young; Senior United States District Judge Henry E. Hudson; and United States District Judge Hannah M. Lauck; and, an Unknown Clerk of the United States District Court.

Later sections of Sirleaf's Particularized Complaint include names of people who were not identified as Defendants at the top of the Particularized Complaint.  The Court will not consider these persons as Defendants.

court in Maryland for refusing a habeas petition, and monetary damages. (Part Compl. 50-56.)

The Court notes that Sirleaf continues to bring claims on behalf of "Plaintiffs" throughout his Particularized Complaint although he has been informed that he may not bring claims on behalf of his son or wife. Moreover, Sirleaf's Particularized Complaint can hardly be said to comply with Federal Rule of Civil Procedure Rule 8(a)'s requirement that a Complaint contain a short, plain statement that he is entitled to relief. Although Sirleaf's pro se status makes him "entitled to some deference," it does not relieve him of his duty to abide by the rules and orders of this Court. Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (citation omitted).

### III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of Sirleaf's rambling and disparate theories for relief. See Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing Neitzke v. Williams, 490 U.S. 319, 324 (1989))). Sirleaf's allegations may be dismissed for a host of reasons. Ultimately, Sirleaf fails to state a claim for relief

under Federal Rule of Civil Procedure 12(b)(6), his claims are legally frivolous, and the action is malicious.

The majority of Sirleaf's claims appear to derive from two sources. The first group stems from Sirleaf's son's criminal proceedings and subsequent incarceration in Maryland and his view that judges and staff in the United States District Court in Maryland, and in Maryland state court would not allow Sirleaf to litigate on behalf of his son. The second group raises grievances against judges and staff of this Court who have ruled unfavorably against him or not permitted him to litigate his many actions in the manner that he desired.

### A.    Judicial Immunity

Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" Lesane v. Spencer, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 3, 2009) (citations omitted) (quoting McCray v. Maryland, 456 F.2d 1, 3 (4th Cir. 1972), overruled on other grounds, Pink v. Lester, 52 F.3d 73, 77 (4th Cir. 1995)). A judge is entitled to immunity even if "the action he took was in error, was done maliciously, or

was in excess of his authority . . . ." Stump, 435 U.S. at 356.

Only two exceptions apply to judicial immunity: (1) nonjudicial

actions; and (2) those actions "though judicial in nature, taken

in complete absence of all jurisdiction." Mireles v. Waco, 502

U.S. 9, 11-12 (1991) (citation omitted). Neither exception applies

in this instance. The Court need not recite Sirleaf's abundant

grievances with judges in this Court and in Maryland.

As discussed in Part IV, Sirleaf fails to establish that he

may litigate on behalf of his son, here or anywhere, for alleged

errors in his son's criminal proceedings and incarceration in

Maryland. More importantly, any action taken by an Unknown Judge

of the Circuit Court for Montgomery County, Maryland with respect

to his son's criminal proceedings, was certainly judicial, and

Sirleaf fails to allege facts that plausibly suggest that the judge

took the action in the complete absence of all jurisdiction.

Sirleaf also names three judges of this Court based on his

view that he has not been permitted to litigate his many civil

actions in a manner that he desires. (See, e.g., Part. Compl. 15-

19.) As a preliminary matter, Sirleaf fails to identify how each

federal judge is a state actor for the purposes of § 1983 or §1985.

Although Sirleaf never invokes Bivens[5], the Court assumes that he

---

[5] Bivens v, Six Unknown Named Agents of Federal Bureau of
Narcotics, 403 U.S. 388 (1971).

14

intends to bring the civil rights action against the federal judges on that basis. The immunities available to federal officials in Bivens actions are largely analogous to those available to state officers in § 1983 actions. Butz v. Economou, 438 U.S. 478, 500-01 (1978). Federal judges are also absolutely immune from claims for injunctive relief. Stephens v. Herring, 827 F. Supp. 359, 361-65 (E.D. Va. 1993).

Sirleaf has sought recusal of both the Honorable Roderick C. Young and the Honorable Hannah M. Lauck several times in other actions simply based on rulings or instructions that he deems as unfavorable. Now, because he dislikes preliminary rulings or directives in the instant action, and an unfavorable ruling of the Honorable Henry E. Hudson in a different action, in order to have those judges in essence, removed from reviewing this case, he named each of these judges as Defendants in his Particularized Complaint. The Court has explained to Sirleaf on prior occasions that an unfavorable ruling fails to constitute a valid basis for recusal or a judicial bias claim. United States v. Williamson, 213 F. App'x 235, 237-38 (4th Cir. 2007) (citing Liteky v. United States, 510 U.S. 540, 555 (1994)). The Court finds the addition of the three federal judges as Defendants in this action is both abusive and taken in bad faith.

Moreover, none of the actions Sirleaf alleges each judge has taken were in absence of jurisdiction or were nonjudicial actions.

15

Accordingly, any claim against Defendants Young, Lauck, Hudson, and an Unknown Judge of the Circuit Court for Montgomery County will be dismissed as frivolous and for failure to state a claim.

## B.    Quasi-Judicial Immunity

Judicial immunity applies to quasi-judicial officers acting pursuant to court directives.    See    Butler v. Johnson, No. 1:07cv1196 (GBL/TRJ), 2007 WL 4376135, at *3 (E.D. Va. Dec. 12, 2007) (citing Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969)).    "[Q]uasi-judicial" immunity shields court officers from the "danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts."    Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992) (quoting Scruggs v. Moellering, 870 F.2d 376, 377 (7th Cir. 1989)); see McCray v. Maryland, 456 F.2d 1, 5 n.11 (4th Cir. 1972) (holding that clerks have "derivative immunity" when they act under the direction of the court).    Clerks are entitled to quasi-judicial immunity when they perform "judicial act[s]  .  .  .  having an integral relationship with the judicial process."    Wymore v. Green, 245 F. App'x 780, 783 (10th Cir. 2007) (alteration in original) (citation omitted); see Krug v. Brock, C/A No. 4:12-803-CMC-SVH, 2012 WL 1605204, at *2 (D.S.C. Apr. 11, 2012) (explaining that federal court support personnel have quasi-judicial immunity from Bivens claims for acts taken in the performance of judicial

16

duties).

Sirleaf names Barbara Mikeljohn, the Clerk of the Circuit Court of Montgomery County, an Unknown Clerk of the Circuit Court of Montgomery County, an Unknown Clerk of the Maryland Court of Appeals, an Unknown Clerk of the United States District Court for the District of Maryland, Greenbelt Division, and an Unknown Clerk of the United States District Court. Sirleaf appears to name these clerks for their involvement in the criminal proceedings for his son or for some alleged conspiracy in the handling of his various lawsuits filed in state and federal court both on his own and on his son's behalf. Sirleaf fails to allege that any of the named or unnamed clerks' actions fell outside of their judicially mandated duties. Thus, each clerk is immune from suit. See, e.g., Wymore, 245 F. App'x at 783 (finding clerk entitled to quasi-judicial immunity when refusing to file inmate's court documents); Krug, 2012 WL 1605204, at *2. Accordingly, Sirleaf's claims against Barbara Mikeljohn, the Clerk of the Circuit Court of Montgomery County, an Unknown Clerk of the Circuit Court of Montgomery County, an Unknown Clerk of the Maryland Court of Appeals, an Unknown Clerk of the United States District Court for the District of Maryland, Greenbelt Division, and an Unknown Clerk of the United States District Court are dismissed as frivolous and for failure to state a claim.

## IV. ANY REMAINING CLAIM IS FRIVOLOUS

### A.   No "Next Friend" Status

The remaining Defendants are the United States and the State of Maryland.   Sirleaf contends that the United States is liable because "the minor is being claimed for one of the states in its union, and not being claimed on behalf of any person or corporation, and will be used to pay a 'debt to society' if thus taken into custody."   (Part. Compl. 2.)   Similarly, Sirleaf contends that the State of Maryland is liable because "the minor is being claimed by the defendant, and not on behalf of any person or corporation, and will be used to pay a 'debt to society' if thus taken into custody."   (Id. (spelling corrected).)   The Court thus assumes that Sirleaf faults the United States and the State of Maryland for criminally prosecuting and incarcerating his son which he refers to as "state sanctioned kidnapping."   (Id. at 7.)

As a preliminary matter, Sirleaf fails to plausibly suggest that the United States had any involvement in the criminal proceedings against his son in the Circuit Court of Montgomery County, Maryland.   For this reason alone, any claim against the United States will be dismissed.

Moreover, as the Court has previously explained to Sirleaf, and Sirleaf continues to ignore, he fails to demonstrate why he should be permitted to bring this action on behalf of his son. Sirleaf has failed to meet his burden to show, that he qualifies

18

as a "next friend" for his son. <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 163-64 (1990).) Thus, any claim Sirleaf brings on behalf of his son pertaining to his criminal proceedings in Maryland will also be dismissed because Sirleaf does not qualify to bring them on his behalf.

**B.   Any Claim Would Be Barred Here**

Even if Sirleaf could bring a claim challenging his son's conviction as void based on a violation of due process, <u>see</u> Part IV.C, that claim must be brought by 28 U.S.C. § 2254 and in the appropriate United States District Court where his son was convicted. "[T]he settled rules [provide] that habeas corpus relief is appropriate only when a prisoner attacks the fact or duration of confinement, <u>see</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of confinement are properly brought" by some other procedural vehicle, including a 42 U.S.C. § 1983 complaint. <u>Olajide v. B.I.C.E.</u>, 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (emphasis omitted) (internal parallel citations omitted) (citing <u>Strader v. Troy</u>, 571 F.2d 1263, 1269 (4th Cir. 1978)). Thus, any challenge to the duration of his son's sentence must be brought pursuant to a habeas corpus petition under 28 U.S.C. § 2254 and in the appropriate federal court. Here, Sirleaf also seeks monetary damages although it is unclear for which of his many rambling

claims he asks for them. Sirleaf may not seek monetary damages under § 2254, nor are monetary damages appropriate under 42 U.S.C. § 1983 where the plaintiff is attacking the duration of a sentence. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred . . . no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis added)). Thus, any attempt to challenge the fact of Sirleaf's son's conviction must be brought pursuant to § 2254, and to the extent he seeks damages on behalf of his son for his allegedly void conviction, that is relief he may not seek in § 1983.

### C. Any Claim Under Maryland Juvenile Law Is Frivolous

Although all of Sirleaf's claims are appropriately dismissed for other reasons as discussed previously, to put Sirleaf's allegations to rest for a final time and to prevent further frivolous litigation on the matter, the Court reviews his underlying claim about the violation of his son's rights during his criminal proceedings. The Court has combed through the Particularized Complaint and finds that Sirleaf faults the State of Maryland for failing "to make responsible inquiry as to the address of the juvenile's biological father in effort to notify

the father of initiation of juvenile proceedings . . . ." (Part. Compl. 23.) Sirleaf contends that because Maryland officials did not contact him before prosecuting his son, his son was denied due process and his conviction was void. (Id. at 24.)

Under Maryland state law, law enforcement officials have an affirmative obligation to notify parents or guardians when minors are taken into custody. Md. Code Ann. Cts. & Jud. Proc. § 3-8A-14(b) (West 2019). The statute also instructs that "[a]fter making every reasonable effort to give notice, the law enforcement officer shall with all reasonable speed:" either "[r]elease the child to the child's parents, guardian, or custodian or to any other person designated by the court, upon their written promise to bring the child before the court when requested by the court" or "[d]eliver the child to the court or a place of detention or shelter care designated by the court." Id. § 3-8A-14(b)(1)-(2). This provision applies to crimes within the jurisdiction of the juvenile courts. However, the statute clearly provides:

> (d) The Court does not have jurisdiction over:
>
> (1) A child at least 14 years old alleged to have done an act, which, if committed by an adult, would be a crime punishable by life imprisonment, as well as all other charges arising out of the same incident . . . .
> . . .
> (4) A child at least 16 years old alleged to have committed the following crimes, as well as all other charges arising out of the same incident . . . .

21

Md. Code Ann. Cts. & Jud. Proc. § 3-8A-03 (West 2019).

It is clear from Sirleaf's own submissions that his son was charged as an adult in the Circuit Court of Montgomery County, and was not charged and convicted in the juvenile court. The public docket from the Circuit Court for Montgomery County, Maryland demonstrates that Sirleaf's son was over fourteen at the time, and he was charged for attempted first-degree murder, attempted second-degree murder, and assault-first degree.[6] A charge for attempted first-degree murder "carries with it a maximum penalty of life imprisonment and, in the case of a juvenile defendant, vests exclusive original jurisdiction in the adult court." Hardy v. Maryland, 482 A.2d 474, 483 (Ct. App. Md. Oct. 22, 1984). Thus, the parental notification statute, § 3-8A-14, simply does not apply because his son was charged with crimes beyond the jurisdiction of the juvenile court. See Jones v. Maryland, 535 A.2d 471, 475-76 (Ct. App. Md. 1988) (explaining that § 3-814(b) which was an earlier version of § 3-8A-14 was inapplicable to those charged outside of jurisdiction of juvenile courts).[7] Accordingly,

_____

[6] Sirleaf's son's criminal records may be found by visiting: casesearch.courts.state.md.us/casesearch/; follow "Continue" button after agreeing to terms; under "Name" type, "Sirleaf, Menelik;" for "Case Type" click radial button for "Criminal;" then follow button for "Search."

[7] The Maryland court noted that "[t]he purpose of [§ 3-8A-14] is to protect the child from unnecessary separation from a parent or guardian." Jones, 535 A.2d at 476. Thus, even if Sirleaf's son was charged with crimes within the jurisdiction of the juvenile

22

Sirleaf's underlying claim against the State of Maryland is also entirely frivolous.

## V.    THE ACTION IS MALICIOUS

The Court finds that Sirleaf fails to bring this action in good faith to vindicate his legal rights, but instead brings it maliciously to harass those who were involved in criminal proceedings for his son and those who have dispensed with Sirleaf's abundant litigation in this Court, in the District of Maryland, and in the Maryland State Courts. It appears that Sirleaf remains undeterred from filing such suits. Accordingly, the Court will also dismiss this action as malicious. See Cain v. Virginia, 982 F. Supp. 1132, 1136-38 (E.D. Va. 1997) (citations omitted) (observing that where "the tone of [a prisoner] Plaintiff's allegations indicates that he is bringing his suit merely to satisfy his desire for vengeance against [those involved in securing his incarceration] and not to rectify any wrong done to him, then the suit is a MALICIOUS one" (quoting Spencer v. Rhodes, 656 F. Supp. 458, 463-64 (E.D.N.C. Mar. 19, 1987))).

---

courts, Sirleaf, as an incarcerated individual in another state since at least 2003, see Sirleaf v. Pearson, No. 3:17CV606, 2019 WL 123915, at *1 (E.D. Va. Jan. 7, 2019), cannot say that he would be entitled to parental notification as the guardian for the child.

## VI. CONCLUSION

For the foregoing reasons, the action will be dismissed as frivolous, malicious, and for failure to state a claim under 28 U.S.C. § 1915(e)(2). The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of the Memorandum Opinion to Sirleaf.

It is so ORDERED.

/s/ _____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 24, 2019